IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENNY D. BOWEN                                                                              PLAINTIFF

V.                                          NO. 14-5089

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Kenny D. Bowen, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed his application for DIB on August 24, 2012, alleging an inability to work since August 17, 2012, due to depression, COPD (chronic obstructive pulmonary disorder), blindness in right eye, deafness, and high blood pressure. (Tr. 179-181, 217, 220). An administrative hearing was held on May 24, 2013, at which Plaintiff appeared with counsel, and he and his wife testified. (Tr. 42-62). A supplemental hearing was held on September 6, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 63-73).

By written decision dated September 23, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe -

COPD, hearing loss, mood disorder and anxiety disorder. (Tr. 27). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 28). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) except that he cannot do work requiring excellent hearing, although he can hear well enough to receive simple, verbal instructions spoken directly to him. He must avoid concentrated exposure to pulmonary irritants. He can understand, remember and carry out simple, routine and repetitive tasks. He can respond to usual work situations, routine work changes and supervision that is simple, direct and concrete. He can occasionally interact with coworkers and the public.

(Tr. 30). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform his past relevant work, but there were other jobs Plaintiff could perform, such as packing machine operator, press operator, and production line assembler. (Tr. 34-35).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered a medical record dated after the ALJ's decision, and denied that request on January 15, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff presents the following arguments: 1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his credibility findings; 3) The ALJ erred in his RFC determination; and 4) The ALJ erred in failing to fully and fairly develop the medical record. (Doc. 12).

#### A.   Consideration of Plaintiff's Impairments in Combination:

Plaintiff contends the ALJ disregarded his allegations of hypertension, hip pain, right knee pain, leg weakness and the vision impairment in his right eye.

Contrary to Plaintiff's argument, the ALJ specifically addressed Plaintiff's high blood pressure, hip and knee pain, and right eye vision impairment. (Tr. 27-28).  In addition, in his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 26).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination

of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 26). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 23). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 28). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Based upon the foregoing, the Court finds there is substantial evidence to support the fact that the ALJ considered all of Plaintiff's impairments individually, and in combination.

### B. Credibility Findings:

Plaintiff contends that the ALJ failed to properly consider his subjective allegations of pain. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 31). The ALJ thereafter discussed the medical records as they related to Plaintiff's COPD, noting that: the Spirometry performed on August 30, 2012, showed findings consistent with severe obstruction and moderate restriction (Tr. 31); Dr. Sadler'r report dated August 16, 2012, showed that Plaintiff's medications (Spiriva and ProAir) controlled his COPD well; on August 30, 2012, Dr. Cynthia Hughes reported that Plaintiff was walked around the clinic for two minutes, and his average pulse oximetry was 97 percent, and his spirometry was about the same; and on October 15, 2012, Dr. Johnson reported that Plaintiff was breathing easily. (Tr. 31). The ALJ further noted that there was no evidence that Plaintiff had exacerbations of symptoms requiring intensive treatment, and that in spite of Plaintiff's COPD diagnosis, he continued to smoke cigarettes. (Tr. 31). In fact, in Dr. Hughes' report dated July 18, 2013, she noted "Chronic obstructive airway disease is stable but unable to work but was denied disability, still smoking!!" (Tr. 351). Plaintiff's smoking habit discredits his disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003).

The ALJ further noted that when Plaintiff was examined by Dr. Terry Efird, Ph.D., Plaintiff reported he left his last employment because he did not pass his DOT physical, and that he was offered a job at a hatchery but did not accept that position because it was too far from his home and because of the expense, and he was therefore let go from his job. (Tr. 32). The ALJ addressed the fact that with respect to Plaintiff's hip and knee pain, Plaintiff did not seek additional treatment after he was examined by Dr. Hughes, who recommended x-rays of

Plaintiff's hip and knee. The record indicates that Plaintiff did not obtain the suggested x-rays because of the cost. However, the Court finds it noteworthy that, as noted earlier, Plaintiff was somehow able to afford to continue to smoke cigarettes and drink beer on a daily basis.

The ALJ addressed Plaintiff's daily activities, stating that he had no problem with his personal care, that he drove, and was able to perform most activities of daily living, referencing Dr. Terry Efird's findings. (Tr. 29). The ALJ also addressed Plaintiff's mental impairments, noting that there was no evidence that he sought professional mental health treatment or had been hospitalized as a result of mental symptoms/impairments. (Tr. 33).

Based upon the foregoing, and for those reasons given in Defendant's brief, the Court is of the opinion that there is substantial evidence to support the ALJ's credibility findings.

### C.     RFC Determination:

Plaintiff argues that Plaintiff is an individual closely approaching advanced age with a limited education and that the medical evidence does not support a finding that he would be capable of performing work at the medium level of exertion. More specifically, Plaintiff argues that his limited pulmonary function and inability to lift fifty pounds for 1/3 of every workday would not allow him to perform medium work. Plaintiff also argues that the ALJ disregarded his major depressive disorder and GAF score of 40-50, given by Dr. Efird.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from

symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In his decision, the ALJ discussed the medical records of Plaintiff's treating physicians, as well as Plaintiff's allegations and his wife's testimony. The ALJ considered and discussed all of Plaintiff's alleged impairments, including his COPD, hearing loss, and mental impairments. As indicated earlier, the ALJ noted that on August 30, 2012, when Plaintiff saw Dr. Hughes, she reported that he was walked around the clinic for 2 minutes and his average pulse oximetry 97% spirometry was about the same. (Tr. 31, 324). On October 29, 2012, non-examining consultant, Dr. Lucy Sauer, completed a RFC Assessment, finding that Plaintiff would be capable of performing medium work, but should avoid work requiring excellent hearing, and there should be dust/fumes precautions taken. (Tr. 83). On September 30, 2012, non-examining consultant, Diane Kogut, Ph.D., completed a Mental RFC Assessment, finding that Plaintiff suffered from affective disorders and anxiety-related disorders, and that Plaintiff had mild limitations in his daily activities; moderate limitations in difficulties in maintaining social functioning and concentration, persistence or pace, and no repeated episodes of decompensation, each of extended duration. (Tr. 80).

The ALJ gave great weight to the state agency medical consultants' opinions, finding

they were consistent with and supported by the evidence of record. (Tr. 33), and based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### D. Failure to Fully and Fairly Develop the Record:

Plaintiff argues that ALJ failed to procure a Psychiatric Review Technique form. However, as indicated above, such information was obtained by Dr. Kogut, as evidenced in the Disability Determination Explanation dated October 29, 2012. (Tr. 83). Accordingly, Plaintiff's argument is without merit.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 6th day of March, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)